**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman H. Murphy,<br><br>  Plaintiff,<br><br>vs.<br><br>State of Arizona Coconino County Sheriff's Department; and Does 1-10,<br><br>  Defendants. | No. CV-08-8089-PCT-DGC<br><br>**ORDER** |

Plaintiff filed a complaint asserting a civil rights claim under 42 U.S.C. § 1983 against the "State of Arizona Coconino County Sheriff's Department" and numerous Doe Defendants. Dkt. #1. Defendant Coconino County Sheriff's Department ("CCSO") has filed a motion to dismiss. Dkt. #16. Plaintiff responded by filing a motion for leave to file an amended complaint. The Court will grant both motions.

**I.    CCSO's Motion to Dismiss.**

CCSO argues that it should be dismissed from this action because it is not a proper defendant. Dkt. #16 at 2-3. The Court agrees.

"[S]ection 1983 only provides a remedy against *persons* acting under color of state law." *Ibrahim v. DHS*, 538 F.3d 1250, 1257 (9th Cir. 2008) (emphasis added). Coconino County is subject to suit under § 1983 as a political subdivision of the State of Arizona. *See* A.R.S. §§ 11-201(A)(1), 11-202(A); *City of Canton v. Harris*, 489 U.S. 378, 1203 (1989) (a municipality may be found liable under § 1983 where the municipality itself causes a

constitutional violation); *Morgal v. Arpaio*, No. CV 07-670-PHX-MHM (ECV), 2007 WL 4200760, at *2 (D. Ariz. Nov. 27, 2007) ("Municipalities and other local governing bodies are included among those 'persons' who may be sued under § 1983.") (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). CCSO has no legal identity separate and apart from that of Coconino County; it is merely "a sub-part of the County." *Wilson v. Maricopa County*, No. CV04-2873-PHX-DGC, 2005 WL 3054051, at *2 (D. Ariz. Nov. 15, 2007). "Because [CCSO] is not a municipal corporation, a local governing body, or a private corporation, it is not a 'person' amenable to suit under § 1983." *Morgal*, 2007 WL 4200760, at *2; *see Wilson*, 2005 WL 3054051, at *2 (finding Maricopa County Sheriff's Department to be a non-jural entity). The Court will grant CCSO's motion to dismiss.[1]

**II.     Plaintiff's Motion to Amend.**

Rule 15 declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court will, pursuant to Rule 15's liberal amendment policy, grant Plaintiff leave to file an amended complaint. Plaintiff shall file an amended complaint by **October 10, 2008**.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(e) provides that each such paragraph "shall be  simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Plaintiff is advised, however, that Rule 8 requires "more than labels or conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*,

---

[1] It is unclear from the complaint whether Plaintiff asserts his § 1983 claim against the State of Arizona. As CCSO correctly notes, any such claim would fail as a matter of law because "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

1 127 S. Ct. 1955, 1965 (2007).  Rule 8 is satisfied only where the "plain statement" contains
2 enough facts to show a "*plausible* entitlement to relief[.]"  *Id.* at 1966-67 (emphasis added).
3 Plaintiff must give each defendant "'fair notice of what [Plaintiff's] claim is and the grounds
4 upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)  (citations and
5 alterations omitted).

6 Plaintiff is further advised that the instant complaint (Dkt. #1) does not state a claim
7 for relief under § 1983.  Plaintiff's claim against the unnamed deputies in their official
8 capacities fails because the claim essentially is one against Coconino County or the Coconino
9 County Sheriff and Plaintiff has not alleged that either the County or the Sheriff directly
10 caused his alleged injuries through a policy, custom, practice or omission.  *See Gibson v.*
11 *County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002) (discussing the two routes to
12 municipal liability under § 1983).  To the extent Plaintiff wishes to sue the deputies in their
13 personal capacities under § 1983, Plaintiff must allege facts showing *personal participation*
14 by each defendant in the alleged constitutional violation.  *See Taylor v. List*, 880 F.2d 1040,
15 1045 (9th Cir. 1989).

16 **III.    Plaintiff's Other Obligations.**

17 Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure
18 and the Rules of the United States District Court for the District of Arizona ("Local Rules"),
19 which may be obtained in the Clerk's office.  With respect to service of process, which
20 Plaintiff has the responsibility of timely completing, Plaintiff is directed to Rule 4 of Federal
21 Rules.  If Plaintiff fails to prosecute this action or comply with the rules or any Court order,
22 the Court may dismiss the action with prejudice pursuant to Rule 41(b) of Federal Rules.  *See*
23 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

24 **IT IS ORDERED:**

25 1.  Defendant Coconino County Sheriff's Department's motion to dismiss
26 (Dkt. #16) is **granted**.
27 2.  Plaintiff's motion for leave to file amended complaint (Dkt. #17) is **granted**.
28 3.  Plaintiff shall file an amended complaint consistent with this order by

1 **October 10, 2008**.

2 DATED this 26th day of September, 2008.

_____
David G. Campbell
United States District Judge

- 4 -