**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman H. Murphy, | No. CV-08-8089-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Coconino County Sheriff's Office, et al., | |
| Defendant. | |

Plaintiff has filed an amended complaint. Dkt. ## 23, 27. Defendants have filed a motion to dismiss the amended complaint. Dkt. #63. The motion is fully briefed. Plaintiff has also filed a motion to compel discovery and a motion for sanctions. Dkt. #73. For the reasons that follow, the Court will grant Defendants' motion to dismiss.[1]

## I. Background.

Plaintiff filed a complaint on July 3, 2008, alleging many state and federal claims against the "State of Arizona Coconino County Sheriffs Department" and Does 1 to 10. Dkt. #1. The Court granted a motion to dismiss the Coconino County Sheriff's Department as a non-jural entity and also granted Plaintiff's motion for leave to file an amended complaint. Dkt. #18. Plaintiff filed an amended complaint on October 10, 2008. Dkt. #23.

---

[1] The request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision or result in unfair prejudice. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *see also* Fed. R. Civ. P. 78.

1   The amended complaint alleges a multitude of claims against the Coconino Sheriff's Office
2   (which the Court dismissed as a party in its September 9, 2009 order) as well as numerous
3   employees of the Sheriff's Office, Flagstaff Medical Center, and the Arizona Department of
4   Public Safety Highway Patrol Division. Dkt. #23.

The amended complaint is rambling and, in parts, incomprehensible. Different claims are asserted in different parts of the complaint and many of the claims are unrelated to the facts alleged. To the best of the Court's ability, Plaintiff's amended complaint purports to assert claims for (1) violation of 42 U.S.C. § 1983 based on due process and equal protection violations, (2) violation of 42 U.S.C. § 1985(3) based on conspiracy, (3) fraud, (4) common law conspiracy, (5) negligent infliction of emotional distress, (6) sexual abuse, (7) intentional infliction of emotion distress, (8) violation of 42 U.S.C. § 1981, (9) excessive force, (10) wrongful detainment, (11) racial discrimination, (12) retaliation, (13) non-disclosures, (14) misrepresentation, (15) deprivation of civil rights, (16) police misconduct and brutality, (17) corruption, (18) false arrest, (19) intimidation, (20) racial verbal abuse, (21) political repression, and (22) racial discrimination surveillance abuse. *Id.* at 2, 17-18.

## II.   Legal standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may not assume that Plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness

1 and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### III. Failure to State a Claim.

#### A. State tort claims.

Defendants argue that any state tort claims Plaintiff asserts for false arrest, malicious prosecution, wrongful detention, assault, and sexual abuse are barred by A.R.S. § 12-821.01 because Plaintiff failed to notify the state of his claims as required by statute before filing suit. Dkt. #63 at 5-6. Plaintiff does not dispute this assertion in his response to the motion to dismiss. Plaintiff's state law claims will therefore be dismissed. *See Harris v. Cochise Health Systems*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007).

#### B. Claims Against Fourteen Individual Defendants.

Despite naming nineteen individual defendants in the complaint, Plaintiff mentions only five as part of his factual recitation. Plaintiff fails to make any allegations regarding Bill Pribil, Pattie Prescott, Dan Sudol, Kelly Bar, Fred Tafoya, Jon Sanders, Joseph Collins, Garrett Boeck, Donna Womble, Lois Namingha, Matthew Golding, Joseph Sabo, Benjamin Vasquez, and Jack G. Lane. In the absence of factual allegations, the claims against these Defendants will be dismissed.

#### C. Claims Organizational Defendants.

For reasons stated in the Court's previous order, the Coconino County Sheriff's Department is a non-jural entity not subject to suit. Dkt. #18. The claims against this Defendant will again be dismissed.

Defendant has also named the Flagstaff Medical Center and the Arizona Department of Public Safety Highway Patrol Division. Defendant has failed to allege that Flagstaff Medical Center is a public entity or acted under color of law. However, even if Flagstaff Medical Center did act under color of law, liability of both Flagstaff Medical Center and the Arizona Department of Public Safety Highway Patrol Division cannot be premised on a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978). Plaintiff must show a policy, practice or custom of these Defendants which permitted the

1 alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234 (9th Cir. 1999). Plaintiff was advised of this requirement in the Court's prior dismissal order. Dkt. #20 at 3. Because Plaintiff has alleged no such policy, practice or custom, the claims against these entities will be dismissed.

### D. Other Claims.

Defendants argue that Plaintiff's amended complaint fails to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure. *Id.* at 2. Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A complaint in federal court need not include great detail – only a "'short and plain statement' . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, et al.*, 507 U.S. 163, 168 (1993) (quoting Fed. R. Civ. P. 8(a)). The complaint's factual allegations must, however, "be enough to raise a right to relief above the speculative level," and must consist of more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Plaintiff's factual recitations are the most coherent portions of the amended complaint. Plaintiff alleges that he was chased by strangers on a highway near Flagstaff, Arizona, and reported the chase to Officer Martinet, who declined to accompany Plaintiff into Flagstaff. Dkt. #23 at 9. Plaintiff returned to the highway and was again chased by strangers. *Id.* When Plaintiff encountered Arizona Department of Public Safety Officers and explained the chase, Officer Evens placed him under arrest. *Id.* at 9-10. While at the Coconino County Sheriff's station, Plaintiff was not allowed to make a phone call, voluntarily underwent a medical exam, again was not permitted to make a phone call, was placed in a cell with an inoperable phone, and was provided with a liquid to drink. *Id.* at 10. Plaintiff felt ill and requested medical attention. *Id.* at 11. Plaintiff was removed from his cell two hours later and told he could make a phone call after a second medical exam. When Plaintiff nonetheless attempted to use a nearby phone, he was tased by Officer Manley without

warning. Officer Manley said to Plaintiff "Nigger, where do you think you are going?" *Id.* Plaintiff was held down by four other officers who continued tasing Plaintiff. *Id.* Plaintiff was illegally stuck with a needle and restrained. *Id.* Plaintiff was taken back to a cell and illegally stuck with needles by Nurse Katz.

Officers put Plaintiff into a police car to transport him to an undisclosed location. *Id.* at 12. Plaintiff feared for his life and freed himself from the moving vehicle by ramming his shoulders and head against the side glass of the vehicle. *Id.* Officers Hays and Leon tased and restrained Plaintiff and took him to Flagstaff Medical Center. *Id.* At Flagstaff Medical Center, Plaintiff was subjected to more illegal "needling." *Id.* at 13.

Plaintiff woke up the next day without his clothing and hooked up to an intravenous device. While at the hospital, Plaintiff was read his rights by Judge Newton. A nurse told Plaintiff that he had over 20 "burn punctures" as well as a swollen ankle, knuckle lacerations, and burn marks on the back of his head. *Id.* Plaintiff was released, but was not given his clothing which would show extensive Taser burns. *Id.* After returning home to Los Angeles, Plaintiff was diagnosed with three rib fractures, emotional trauma, and post-traumatic stress syndrome. *Id.* at 13-14.

Plaintiff names six individuals in these factual allegations, only five of whom are Defendants. Officer Martinet – who failed to accompany Plaintiff into town after being told of the chase – is not named as a Defendant in the amended complaint. Dkt. #23 at 9. Officer Evens arrested Plaintiff. *Id.* at 9-10. Officer Manley tased Plaintiff after he attempted to use a phone and used a racial epithet in addressing Plaintiff. *Id.* at 11. Nurse Katz stuck Plaintiff with needles. *Id.* Officers Hays and Leon tased Plaintiff after he escaped from a moving police car by ramming his shoulders and head against the side glass of the vehicle. *Id.* at 12.

In evaluating the sufficiency of the amended complaint, the Court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 7578 (9th Cir. 2003). Doing so, the Court concludes that Plaintiff has stated § 1983 claims against some Defendants.

1         Defendant alleges that Officer Evens arrested him after he had been chased by unknown individuals and had sought help from other motorists. An arrest based on these facts, without more, would appear to be unwarranted. Although Plaintiff does not expressly assert a Fourth Amendment wrongful arrest claim under § 1983, his amended complaint repeatedly states that he is asserting a claim for violation of his civil rights under § 1983 and also mentions the Fourth Amendment. Dkt. #23 at 14-15.

        Plaintiff alleges that Officer Manley tased him for attempting to use the phone and then held him down with other officers and tased him repeatedly. He alleges that he later was found to have more than 20 puncture burns on his body and three fractured ribs. Although he does not expressly assert a Fourth Amendment excessive force claim under § 1983, his complaint does allege a § 1983 denial of his civil rights and mentions the Fourth Amendment.

        Plaintiff alleges that Officers Hays and Leon tased him when he forced his way out of the moving police car. Although this may well be a reasonable response to a suspect's escape attempt, Plaintiff alleges that he was cuffed at his hands and ankles and that these Defendants "pounded" his knuckles into the pavement while he was retrained. Such actions, accepted as true, could constitute excessive force in violation of the Fourth Amendment under § 1983.

        Plaintiff alleges that Nurse Katz repeatedly stuck him with needles while he was incarcerated. Taken as true and construed liberally in Plaintiff's favor, this allegation could also constitute excessive force in violation of Plaintiff's Fourth Amendment rights under § 1983.

        Plaintiff also bases his § 1983 claim on due process and equal protection, and claims that he was treated differently on the basis of race. But Plaintiff has alleged no facts to support a finding that individuals who were not black were treated differently. This applies equally to Plaintiff's claim under 42 U.S.C. § 1981. With respect to Plaintiff's claim under 42 U.S.C. § 1985, Plaintiff fails to identify the conspiracy beyond calling Defendants' behavior a conspiracy to commit "unlawful acts." He fails to identify the individuals who

conspired against him beyond alleging that Officer Evens took the first step by arresting him. This is not sufficient to create a plausible claim of conspiracy under § 1985. This applies equally to Plaintiff's claim for common law conspiracy.

Plaintiff fails to allege facts in any way related to his claims for fraud, retaliation, non-disclosures, misrepresentation, corruption, intimidation, political repression, sexual abuse, or "racial discrimination surveillance abuse."

The Court concludes that Plaintiff has stated § 1983 excessive force claims against Officers Manley, Hays and Leon and Nurse Katz, and a § 1983 unlawful arrest claim against Officer Evens. The Court fully recognizes that these claims are not well pled, but finds them to be a reasonable interpretation of the amended complaint in light of the liberal and tolerant reading that must be accorded this *pro se* Plaintiff. All other claims will be dismissed for the reasons discussed above.

**IV.     Failure to Serve Individual Defendants.**

Defendants ask the Court to dismiss the amended complaint because it was never properly served on them. The Court's docket contains returns of service for Defendants Manley, Hays, Leon, Katz, and Evens. Dkt. ##47, 36, 52, 41, 45. These returns, however, do not state that the amended complaint was served on the individual Defendants as required by Rule 4(e). They instead state that service was made on defense counsel Timothy McNeel. *Id*. This is not proper service on the individual Defendants.

In response to Plaintiff's first complaint, Defendant Coconino County Sheriff's Office filed a motion to dismiss noting, among other things, that the complaint had never properly been served. Dkt. #16. This motion put *pro se* Plaintiff on notice of the need for proper service. Because the Court dismissed the Sheriff's Office as a non-jural entity, it did not reach of the question of proper service. The Court did, however, provide this guidance to Plaintiff:

> With respect to service of process, which Plaintiff has the responsibility of timely completing, Plaintiff is directed to Rule 4 of Federal Rules. If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of Federal Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

Dkt. #18 at 3.

Plaintiff filed his amended complaint on October 10, 2009. Dkt. #23. As noted, the amended complaint was not served on the individual Defendants, but was instead delivered to Attorney McNeel's office. Defendants' motion to dismiss includes an affidavit from the process server, Tamara Nieto, stating that she delivered the summons and complaints to Mr. McNeel on January 9, 2009. Dkt. #63 Ex. N. When Mr. McNeel advised her that he did not have authority to accept service for the Defendants, Ms. Nieto called Plaintiff on the phone and informed him of Mr. McNeel's lack of authority. Plaintiff nonetheless directed her to leave the summons and complaint with Mr. McNeel and, apparently, made no other effort to serve the Defendants.

Plaintiff has provided no evidence that Mr. McNeel – a Deputy County Attorney for Coconino County – is authorized to accept service of process for the individual Defendants. Defendants Manley and Leon have provided affidavits stating that they never were served with process or asked to waive service, and they never authorized Mr. McNeel to accept service on their behalf. Dkt. #63, Exs L & M. Defendants Katz and Hays are no longer employed by Coconino County, and Defendant Evens (correctly spelled Evans) has never been employed by the County. *Id*., Ex. O. Clearly, Mr. McNeel does not have authority to accept personal service on their behalf.

More than nine months have passed since the filing of Plaintiff's amended complaint. The 120-day period for service expired more than five months ago. *See* Fed. R. Civ. P. 4(m). Plaintiff never sought an extension. The Court specifically directed Plaintiff to complete service in accordance with Rule 4. Plaintiff was informed by his process server on January 9, 2009 that Mr. McNeel was not authorized to accept service for the individual Defendants. Although Plaintiff is now proceeding *pro se*, he was represented by counsel for a time in this case. Indeed, the notice of appearance by counsel was filed on January 20, 2009, the same day the returns of service for the Defendants were filed. Dkt. #31.

This case has been pending for more than one year. Plaintiff has amended his complaint. The discovery period has closed. Plaintiff was apprised of the need for proper

service by the first motion to dismiss, this Court's order of September 29, 2008, and his process server's phone call from Mr. McNeel's office. He was also represented by counsel during the 120-day period for service. The Court concludes that Plaintiff has had ample notice of the Rule 4 service requirements and ample opportunity to comply with them. Plaintiff having failed to comply, the Court will grant the motion to dismiss the claims against Defendants Manley, Hays, Leon, Katz, and Evens for insufficiency of process.

**IT IS ORDERED THAT:**

1. Defendant's motion to dismiss (Dkt. #63) is **granted**.
2. Plaintiff's motion to compel discovery and motion for sanctions (Dkt. #73) are **denied**.
3. The clerk is directed to terminate this action.

DATED this 31st day of July, 2009.

_____
David G. Campbell
United States District Judge