**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman H. Murphy, ) | No. CV-08-8089-PCT-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Coconino County Sheriff's Office, et al., ) | |
| Defendants. ) | |

On July 31, 2009, the Court issued an order granting Defendants' motion to dismiss the amended complaint. Dkt. #79. Plaintiff has requested clarification that his claims were dismissed without prejudice. Dkt. #81. Defendants have filed a response, arguing that the order of dismissal was an adjudication on the merits and therefore acts as a dismissal with prejudice. Dkt. #82.

The Court dismissed the amended complaint for failure to state a claim for relief and failure to serve process. Dkt. #79. "A dismissal for failure to state a claim under Rule 12(b)(6) bars further litigation unless leave to amend is granted or the dismissal is made 'without prejudice' to refiling." *Perry v. Rado*, No. CV-07-5001-LRS, 2007 WL 2041974, at *1 (E.D. Wash. July 11, 2007); *see Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The grant of a 12(b)(6) motion is adjudicated on the merits, unless the district court specifies the dismissal is without prejudice."). In this case, the dismissal was not made without prejudice (Dkt. #79 at 9), nor was Plaintiff granted leave to amend given

that he previously had been provided an opportunity to amend his complaint with specific instructions regarding the pleading requirements of Rule 8. Dkt. #20; *see Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'") (citation omitted); *Williams v. Dep't of Corr.*, No. CV 1-06-1793-RCC, 2009 WL 1598441, at *2 (E.D. Cal. June 5, 2009) ("Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend.").

The Court concludes that the dismissal for failure to state a claim for relief should be with prejudice. "The 'harshness of a dismissal with prejudice is directly proportionate to the likelihood that [P]laintiff would prevail if permitted to go forward to trial.'" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citation omitted). The claims dismissed under Rule 12(b)(6) most certainly would fail at trial. The state tort claims are barred by Plaintiff's failure to file a notice of claim pursuant to A.R.S. § 12-821.01, the Coconino County Sheriff's Department is a non-jural entity, the § 1983 claims against the other organizational defendants (the Flagstaff Medical Center and the Arizona Department of Public Safety) cannot be based on *respondeat superior* theory and Plaintiff has alleged no policy, practice or custom of these Defendants which permitted the alleged constitutional violation to occur, and Plaintiff has completely failed to allege any facts with respect to fourteen individual Defendants (Bill Pribil, Pattie Prescott, Dan Sudol, Kelly Bar, Fred Tafoya, Jon Sanders, Joseph Collins, Garrett Boeck, Donna Womble, Lois Namingha, Matthew Golding, Joseph Sabo, Benjamin Vasquez, and Jack Lane). Dkt. #79 at 3-4. A dismissal of these claims with prejudice is not unduly harsh. *See McHenry*, 84 F.3d at 1180 (district court did not abuse its discretion by dismissing amended complaint with prejudice based on the plaintiff's failure to comply with Rule 8); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (same).

Nor is it too harsh to dismiss with prejudice the claims against the five Defendants who were not served with process (Lawrence Manley, Michael Hays, Aden Leon, Scott Katz,

and R. Evens). *See* Dkt. #79 at 7-9. Plaintiff was explicitly advised about his responsibility to effect service of process pursuant to Rule 4 and his obligation to comply with the Court's orders. In the September 29, 2008 order granting Plaintiff leave to amend his complaint, the Court provided this guidance to Plaintiff:

> With respect to service of process, which Plaintiff has the responsibility of timely completing, Plaintiff is directed to Rule 4 of Federal Rules. If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of Federal Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

Dkt. #20 at 3. As the Court found in its dismissal order, "Plaintiff has had ample notice of the Rule 4 service requirements and ample opportunity to comply with them." Dkt. #79 at 9. His repeated refusal to comply with Rule 4, and his failure to comply with the Court's order relating to service, requires that this case be dismissed with prejudice. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (district court did not abuse its discretion by dismissing case with prejudice based on the plaintiff's failure to prosecute action and comply with court order). Moreover, a dismissal with prejudice is appropriate given that Plaintiff's remaining § 1983 claims against the unserved Defendants are now time barred. *See* Dkt. #23 ¶¶ 5-35 (claims accrued in July 2006); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998) (Arizona courts apply a two-year statute of limitations to § 1983 claims); *see also DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. May 20, 2008) (dismissing with prejudice time barred claims against unserved defendants).

**IT IS ORDERED:**

1. Plaintiff's motion for clarification (Dkt. #81) is **denied**.
2. This action has been dismissed **with prejudice** (*see* Dkt. #79).

DATED this 6th day of October, 2009.

_____
David G. Campbell
United States District Judge